01252.00206-RTE

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
By: Robert T. Evers, Esq.
Attorney I.D. No. 022141990
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100   🖷973-618-0685
✉ rtevers@mdwcg.com
ATTORNEYS FOR DEFENDANT - Patient Home Monitoring, Inc. (Improperly pled as PHM Corp.)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Document Electronically Filed**

| | |
|---|---|
| MEYER GLICKSTEIN<br><br>Plaintiff<br><br>v.<br><br>ALERE INC., ALERE SAN DIEGO, INC., PHM CORP. and JOHN DOE CORPORATIONS Nos. 1 through 50,<br><br>Defendants | Civil Action No. 1:16-cv-01678-RMB-KMW<br><br>ANSWER ON BEHALF OF PATIENT HOME MONITORING, INC., IMPROPERLY PLED AS PHM CORP. |

The defendant, Patient Home Monitoring, Inc., improperly pled as PHM Corp., by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., answers the Complaint and says:

PARTIES

1. Denied.

2. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. It is admitted that Patient Home Monitoring, Inc. (improperly pled as PHM Corp.) is incorporated in the State of Washington and has its principal place of business at 14724 Ventura Blvd. Ste 1250, Sherman Oaks, California. The remainder of the allegations in this paragraph are denied.

5. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE**, the answering Defendant demands dismissal of the Plaintiff's Complaint in its entirety with attorney's fees and costs of suit.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Denied.

8. Admitted.

9. Admitted

10. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Denied.

12. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Denied.

20. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. It is admitted that Patient Home Monitoring, Inc., (improperly pled as PHM Corp.) supplied plaintiff with equipment.  The remainder of the plaintiff's allegations are denied.

24. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Denied.

**WHEREFORE**, the answering Defendant demands dismissal of the Plaintiff's

Complaint in its entirety with attorney's fees and costs of suit.

## COUNT I

29. The defendant repeats and reiterates his answers to the allegations stated above as if set forth in full.

30. Denied.

31. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. Denied.

34. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Denied.

37. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. Denied.

39. Denied.

**WHEREFORE**, the answering Defendant demands dismissal of the Plaintiff's Complaint in its entirety with attorney's fees and costs of suit.

## COUNT II

40. The defendant repeats and reiterates his answers to the allegations stated above as if set forth in full.

41. Denied.

42. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning whether equipment reached the plaintiff without substantial change in condition.  The remainder of the allegations in the paragraph are denied.

43. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. Denied.

45. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. Denied.

47. Denied.

**WHEREFORE**, the answering Defendant demands dismissal of the Plaintiff's Complaint in its entirety with attorney's fees and costs of suit.

### FIRST SEPARATE DEFENSE

The allegations contained in the Complaint fail to state a claim upon which relief can be granted as to the defendant.

### SECOND SEPARATE DEFENSE

Any and all injuries and damages sustained by the plaintiff were the result of the acts or omissions of a third-party over whom this defendant had no control.

### THIRD SEPARATE DEFENSE

The plaintiff was guilty of contributory negligence in failing to exercise due and proper care considering the circumstances existing at the time of the incident complained of.

### FOURTH SEPARATE DEFENSE

The plaintiff was guilty of comparative negligence in failing to exercise due and proper care considering the circumstances existing at the time of the incident complained of.

### FIFTH SEPARATE DEFENSE

Defendant hereby reserves the right to amend this Answer to assert additional separate defenses as revealed or suggested by the completion of on-going investigation and discovery.

### SIXTH SEPARATE DEFENSE

At all times and places mentioned in the Complaint herein, the defendant violated no legal duty owing by defendant to plaintiff.

### SEVENTH SEPARATE DEFENSE

Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged to be chargeable to defendant.

EIGHTH SEPARATE DEFENSE

This defendant includes all separate defenses applicable to plaintiff which have been raised by any other co-defendant in the within matter as if fully set forth herein and makes the same, to such extent that it does not imply liability on the part of this defendant, jointly and severally, this defendant's defenses.

NINTH SEPARATE DEFENSE

Defendant demands credit for any and all payments by way of insurance or other medical benefits received by the plaintiff as against any award made to plaintiff as a result of this action.

TENTH  SEPARATE DEFENSE

This defendant reserves the right to seek a credit reducing the amount of plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant, regardless of settlement by any co-defendant.  This defendant asserts that the liability of any settling co-defendant shall be an issue at the time of trial.

ELEVENTH SEPARATE DEFENSE

This defendant asserts its right to a credit as to any other settling co-defendant or any other party in any other action with whom plaintiff settles or has settled.

TWELFTH  SEPARATE DEFENSE

The claim set forth in the Complaint is barred by the Statute of Limitations as said suit was not filed within the time period allowed by said Statute.

THIRTEENTH SEPARATE DEFENSE

The Complaint in this action is barred by the entire controversy doctrine.

FOURTEENTH SEPARATE DEFENSE

Defendant reserves the right to seek a dismissal of this action for plaintiff's failure to timely serve the Summons and Complaint.

CROSSCLAIM FOR CONTRIBUTION

This defendant hereby demands contribution from the co-defendants.

CROSSCLAIM FOR INDEMNIFICATION

Should any contractual relationship be found to exist between this defendant and the co-defendants, this defendant demands complete indemnification arising from same, including costs and counsel fees.

REQUEST FOR ALLOCATION

If any Co-Defendant(s) settle prior to trial, this\these Defendant(s) will seek an allocation of the percentage of negligence by the fact finder against the settling Defendant(s).  We will seek this allocation, whether or not we have formally filed a Crossclaim against the settling Defendant(s).  We will rely upon the examination and cross-examination of Plaintiff(s) expert witnesses and any and all other witnesses at this time of trial in support of this allocation.

ANSWER TO CROSSCLAIMS

The Defendant by way of Answer to any and all Crossclaims which may be asserted against it states:

1. The allegations of any and all Crossclaims which have been or may be alleged against this Defendant are denied.

DESIGNATION OF TRIAL COUNSEL

Robert T. Evers, Esq. is hereby designated as trial counsel in this matter.

JURY DEMAND

The defendant demands a trial by a jury on all the issues involved herein.

.

Dated: April 13, 2016

Respectfully submitted,

By: /s/ Robert T. Evers
    Robert T. Evers

**Marshall Dennehey Warner Coleman & Goggin, P.C.**
425 Eagle Rock Avenue
Roseland, New Jersey, 07068
Tel: (973) 618 - 4100
Fax: (973) 618 – 0685
Attorneys for Defendant
Patient Home Monitoring, Inc. (improperly pled as PHM Corp.)